**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARRELL JESSE RIVERA, | : | Civil No. 1:25-CV-01463 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ADAM VONEIDA, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**ORDER**

Before the court is the report and recommendation of United States Magistrate Judge Sean A. Camoni recommending that the court dismiss Plaintiff's complaint with prejudice for failure to state a claim. (Doc. 7.) Judge Camoni makes this recommendation because *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any claim based on Plaintiff's parole revocation without allegations that the parole conviction was reversed. (*Id.*) It is also recommended that Plaintiff's Fourth Amendment claim fails because parole "compliance checks" are permitted in certain circumstances. (*Id.*) Plaintiff filed a "motion to appeal," which the court interprets as objections to the report and recommendation. (Doc. 9.) Therein, he reargues the facts of his complaint and appears to add additional specificity to his claims, but does not directly address the analysis in the report and recommendation. (*Id.*)

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Judge Camoni's report and recommendation and finds no clear error or manifest injustice on the face of the record, except as to the recommendation of dismissal with prejudice. While the court is skeptical that facts can be pleaded to overcome the legal obstacles in stating Plaintiff's claims, the court will permit Plaintiff an opportunity to amend his complaint. Accordingly, **IT IS ORDERED AS FOLLOWS**:

1) Plaintiff's objections to the report and recommendation, Doc. 9, are **OVERRULED**.

2) The report and recommendation, Doc. 7, is **ADOPTED IN PART**. The court adopts Sections I, II, III, and IV of the report and recommendation. The court **DECLINES TO ADOPT** Section V and VI of the report and recommendation.

3) Plaintiff's complaint, Doc. 1, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within **21**

**days** of this order. If Plaintiff fails to file an amended complaint, the Clerk of Court shall close this case.

4) This matter is referred back to Magistrate Judge Camoni for further pretrial management.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 28, 2026